UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN SNORSKY,

    Petitioner,

-vs-                                                    Case No.  8:10-CV-765-T-30EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court is "Petitioner's Response to the Summary Denial of his Petition for a Writ of Habeas Corpus" (Dkt. 4) which the Court construes as a motion to alter or amend, filed pursuant to Federal Rules of Civil Procedure, Rule 59(e), the Court's April 5, 2010 order dismissing Petitioner's federal habeas petition as time-barred.

**Background**

On March 25, 2010, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1).  On April 5, 2010, the Court dismissed Petitioner's petition as time-barred (Dkt. 3).  The order dismissing the case stated, in pertinent part, that "[i]f Petitioner can show by record evidence that his petition is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion on or before **May 5, 2010.**" (emphasis in original).  On April 27, 2010, Petitioner filed his construed motion to

alter or amend pursuant to Federal Rules of Civil Procedure, Rule 59(e) (hereinafter "motion").

**Analysis**

"'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir.1999)). Petitioner does not present newly-discovered evidence. Instead, Petitioner essentially argues in his motion that the Court should not have dismissed his petition as time-barred because he is entitled to equitable tolling of the one-year limitation period. In support of his claim, Petitioner asserts that: 1) he speaks very little English, and cannot read or write; 2) he has never had adequate representation throughout his criminal proceedings; and 3) he has been transferred between prisons and has not had any assistance for his legal work. (Dkt. 4 at pgs. 1-2).

Petitioner's claims do not warrant equitable tolling. The Eleventh Circuit Court of Appeals has rejected the claim that a prisoner is entitled to equitable tolling on the basis of his language difficulties. *See U.S. v. Montano*, 398 F.3d 1276, 1280 n. 5 (11th Cir. 2005) (claim that language difficulties prohibited petitioner from timely discovering a legal argument did not constitute "extraordinary circumstances" as to justify equitable tolling of the one-year filing requirement in § 2255). *See also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that inability to read and speak English is not in itself a sufficient basis for equitably tolling a failure to meet § 2244(d)(1) requirements).

Furthermore, illiteracy and ignorance of the law generally do not warrant the application of equitable tolling. *See Howell v. Crosby*, 415 F.3d 1250, 1252 (11th Cir. 2005) (refusing to apply equitable tolling where petitioner could not "establish his own due diligence in ascertaining the federal habeas filing deadline"). *See also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2002) (recognizing that petitioner's claim of ignorance of the law was insufficient to justify equitable tolling where petitioner had filed an untimely motion to vacate his sentence pursuant to 28 U.S.C. § 2255); *Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir. 2000) ("[M]ere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling . . . ." ) (citations omitted); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (holding that illiteracy of pro se petitioner not sufficient cause to avoid procedural bar).

Finally, Petitioner's vague allegations of transfers to various institutions do not constitute extraordinary circumstances. Petitioner fails to present specific facts or evidence that his transfers prevented him from timely filing his habeas petition, or that his transfers were extraordinary or anything other than routine. Nor does his vague claim that he was "without anyone to aid or advise him of his legal affairs" establish extraordinary circumstances which prevented him from timely filing his federal habeas petition. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days entitled petitioner to equitable tolling of limitations period); *Holloway v. Jones*, 166 F. Supp. 2d 1185 (E.D. Mich. 2001) ("Claims that a

petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.").

Equitable tolling is an extraordinary remedy and sparingly applied. *Steed v. Head*, 219 F.3d 1298,1300 (11th Cir.2000). An inmate must show specific facts to support a claim of extraordinary circumstances and due diligence justifying equitable tolling. *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008). Petitioner bears the burden of establishing both extraordinary circumstances beyond his control which prevented him from filing a timely § 2254 motion and the exercise of due diligence. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Petitioner has not made that showing.

Accordingly, the Court **ORDERS** that Petitioner's construed Rule 59(e) motion to alter or amend (Dkt. 4) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 28, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*